IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| ETHEL and LEWIS KELLY, | |
|---|---|
| Plaintiffs, | Case No. 3:19-cv-00185-TMB |
| v. | |
| CLEAR RECON CORP, FEDERAL NATIONAL MORTGAGE ASSOCIATION, and LOAN DEPOT.COM, LLC, | **ORDER ON DEFENDANTS' MOTION TO DISMISS (DKT. 4)** |
| Defendants. | |

## I.  INTRODUCTION

The matter comes before the Court on Defendants loanDepot.com, LLC ("loanDepot"), Federal National Mortgage Association's ("Fannie Mae"), and Clear Recon Corp.'s ("Clear Recon") Motion to Dismiss Plaintiffs' Amended Complaint (the "Motion").[1] The Motion seeks to dismiss the First Amended Complaint ("Amended Complaint")[2] filed by Plaintiffs Ethel and Lewis Kelly (collectively, "the Kellys") pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.[3] The Motion was fully briefed by the Parties.[4] The Parties have not requested oral argument, and the Court finds it would not be helpful. For the reasons stated below, Defendants' Motion is **GRANTED IN PART WITHOUT PREJUDICE** and **DENIED IN PART**.

---

[1] Dkt. 4 (Motion).

[2] Dkt. 1-1 at 27–36 (Amended Complaint).

[3] Dkt. 4 at 1–2.

[4] Dkts. 4, 16 (Response), 17 (Reply).

1

## II. BACKGROUND

The present dispute before the Court arises from a foreclosure sale coordinated by loanDepot, Fannie Mae, and Clear Recon (collectively, the "Defendants").[5] The allegations contained in the Complaint are summarized below.

In 2001, the Kellys acquired a home loan with Homestate Mortgage Company, LLC.[6] The resulting Deed of Trust ("DOT") named Homestate Mortgage Company, LLC as a beneficiary and Pacific Northwest Title as trustee.[7] After executing several subsequent Deeds of Trust, in 2013, the Kellys claim they executed the DOT that named loanDepot as the beneficiary.[8] Sometime in the period between 2016 and 2018, the Kellys fell behind on their loan payments to loanDepot.[9] In response, loanDepot accelerated the Kellys' loan.[10] On August 22, 2018, loanDepot appointed Clear Recon as successor trustee.[11] On that same day, Clear Recon recorded a Notice of Default, which stated that a foreclosure sale by public auction would occur on November 28, 2018.[12]

---

[5] Dkt. 1-1 at 27–28.

[6] *Id.* at 28.

[7] *Id.*

[8] *Id.* at 29.

[9] *Id.*

[10] *Id.*

[11] *Id.* at 30.

[12] *Id.*

However, on or about November 19, 2018, Ethel Kelly filed for bankruptcy, which stayed the foreclosure proceedings.[13] Clear Recon postponed the auction.[14] Ethel Kelly's bankruptcy proceedings were eventually dismissed.[15] After the dismissal, on January 30, 2019, the Kellys claim that Clear Recon conducted a foreclosure auction without notifying them of the time or place of the rescheduled sale.[16] Following the sale, on February 8, 2019, Clear Recon assigned the property to Fannie Mae.[17] The Kellys claim to have been unaware that the rescheduled sale had taken place until they were informed by Alaska Legal Services Corporation.[18] Fannie Mae scheduled a second sale of the property for April 8–10, 2019.[19] At some time during the foregoing, the Kellys claim to have requested information from loanDepot pursuant to the Real Estate Settlement Procedure Act ("RESPA")[20] to no avail.[21] Despite the foreclosure sale, the Kellys remain in possession of the property.[22]

---

[13] *Id.*

[14] *Id.*

[15] *Id.*

[16] *Id.*

[17] *Id.*

[18] *Id.* at 31.

[19] *Id.*

[20] 12 U.S.C. § 2601 *et. seq.*

[21] Dkt. 1-1 at 31.

[22] *Id.* at 42.

On March 29, 2019, the Kellys filed a Complaint in the Superior Court for the State of Alaska.[23] On June 12, 2019, the Kellys filed an Amended Complaint in state court.[24] The Kellys' Amended Complaint raises four causes of action.[25] First, the Kellys request that the Court quiet title in their favor for the property at issue here, or alternatively "remove the cloud from plaintiffs' title."[26] Second, the Kellys claim that their DOT mandated that loanDepot give them notice before accelerating their loan, which it failed to do.[27] Therefore, the Kellys claim that loanDepot is in breach of contract and request that the Court rescind the foreclosure sale and award damages to the Kellys.[28] Third, the Kellys claim that their DOT mandated loanDepot give them notice of the time and place of a foreclosure sale before conducting the sale, which it failed to do.[29] Therefore, the Kellys claim that loanDepot is again in breach of contract and request that the Court rescind the foreclosure sale and award damages.[30] Fourth, by failing to respond to their request for information, the Kellys claim loanDepot violated RESPA, entitling them to actual damages, statutory damages, costs, and attorney's fees.[31]

---

[23] Dkt. 1-1 at 2–9 (Complaint).

[24] *Id.* at 27–36.

[25] *Id.* at 31–35.

[26] *Id.* at 31–32.

[27] *Id.* at 32.

[28] *Id.*

[29] *Id.* at 33.

[30] *Id.*

[31] *Id.* at 33–34.

On July 2, 2019, loanDepot and Fannie Mae removed this action to federal court invoking the Court's federal question jurisdiction under 28 U.S.C. § 1331.[32] On July 9, 2019, loanDepot and Fannie Mae filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), which Clear Recon joined.[33] In their Motion, loanDepot, Fannie Mae, and Clear Recon argue that the Kellys' claims fail as a matter of law.[34] First, the Defendants argue that the Kellys have failed to plead their breach of contract claims.[35] Specifically, the Defendants assert that the Kellys have not alleged that loanDepot was obligated to provide them notice under the DOT, nor have they effectively pleaded that they did not receive actual notice.[36] Second, the Defendants argue that the Kellys have not made out their RESPA claim because they have not pleaded the necessary element of damages and have not pleaded sufficient facts to put the Defendants on notice of the claim.[37] Third, Defendants argue that the Kellys' quiet title claim must fail because the allegations do not establish that the Kellys have superior title to Fannie Mae or loanDepot.[38] The Kellys argue that they have adequately pleaded each of their claims.[39]

---

[32] Dkt. 1 (Notice of Removal).

[33] Dkts. 4, 5 (Joinder to Motion).

[34] Dkt. 4 at 2–3.

[35] *Id.* at 3.

[36] *Id.* at 3.

[37] *Id.* at 3–4.

[38] *Id.* at 3.

[39] Dkt. 16.

### III.     LEGAL STANDARD

Defendants move under Fed. R. Civ. P. 12(b)(6) to dismiss all claims for failure to state a claim upon which relief can be granted.[40] In order to survive a motion to dismiss, a complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief,"[41] and "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[42] In ruling on a 12(b)(6) motion, the Court must "accept all factual allegations of the complaint as true and draw all reasonable inferences in favor of the nonmoving party."[43]

In determining whether a complaint pleads sufficient facts to cross "the line between possibility and plausibility," courts may disregard "[t]hreadbare" legal conclusions.[44] However, a plaintiff need not plead "all facts necessary to carry" his or her burden.[45] "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[46] So long as plaintiffs meet this standard of plausibility, their claim survives a 12(b)(6) motion even if defendants present a

---

[40] Dkt. 4.

[41] Fed. R. Civ. P. 8(a)(2).

[42] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

[43] *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 923 (9th Cir. 2001) (quoting *Nat'l Ass'n for the Advancement of Psychoanalysis v. Cal. Bd. of Psychology*, 228 F.3d 1043, 1049 (9th Cir. 2000)).

[44] *Iqbal*, 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 557).

[45] *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), *rev'd on other grounds* 563 U.S. 713 (2011).

[46] *Iqbal*, 556 U.S. at 679 (citation omitted).

similarly plausible description of the disputed events.[47] "A dismissal for failure to state a claim is proper only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[48]

Generally, the court should not consider materials outside of the pleadings when ruling on a motion to dismiss for failure to state a claim.[49] Courts may consider materials submitted with or relied on by the pleading at issue where the Complaint "necessarily relies" on those documents and their authenticity is not disputed.[50]

## IV. DISCUSSION

The Kellys have raised four claims, albeit in a different order than listed here: (1) a breach of contract claim for loanDepot's alleged failure to notify the Kellys that their loan was to be accelerated, (2) a breach of contract claim for loanDepot's alleged failure to notify the Kellys of the time and place of the foreclosure sale, (3) a claim under RESPA for loanDepot's alleged failure to respond to the Kellys' information requests, and (4) a claim for quiet title as to the property in question.[51] Defendants have moved for dismissal of all claims. The Court addresses whether dismissal is proper for each claim in turn.

---

[47] *Starr v. Baca*, 652 F.3d 1202, 1216-17 (9th Cir. 2011).

[48] *Arpin*, 261 F.3d at 923 (quoting *Pillsbury, Madison, & Sutro v. Lerner*, 31 F.3d 924, 928) (9th Cir. 1994)).

[49] *Arpin*, 261 F.3d at 925 (citing *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994).

[50] *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998–99 (9th Cir. 2010) (citations omitted).

[51] Dkt. 1-1 at 31–35.

### A. Whether the Kellys Have Adequately Pleaded Their First Breach of Contract Claim— Failure to Give Notice of Acceleration

The Court first looks to the Kellys' breach of contract claim against loanDepot, which alleges that the loanDepot was contractually required to provide the Kellys notice before accelerating their loan.[52] Under Alaska law, a breach of contract claim has three elements: (1) there was a contract between the parties, (2) the defendant breached the contract, and (3) the plaintiff suffered damages.[53]

The Kellys have sufficiently plead that they had a contract with loanDepot and they suffered damages. The Kellys claim that their breach of contract claim arises from the DOT they executed with loanDepot.[54] Thus, the Kellys have effectively pleaded a contract exists between the parties.[55] The Kellys also claim that because of loanDepot's alleged breach, their property was wrongfully foreclosed.[56] This represents a sufficient allegation of damages.[57] Therefore, the Kellys have effectively pleaded two of the three elements of a breach of contract claim—i.e. the existence of a contract and that they suffered damages.

The Defendants argue, however, that because the Kellys first breached the contract by failing to keep up loan payments, loanDepot was excused from performance.[58] The Defendants do

---

[52] *Id.* at 32.

[53] *Great W. Sav. Bank v. George W. Easley Co., J.V.*, 778 P.2d 569, 577 (Alaska 1989).

[54] Dkt. 1-1 at 32.

[55] The Defendants do not argue that the Kellys have not sufficiently alleged the existence of a contract. In fact, Defendants have provided the contract as an exhibit. Dkt. 8-10 at 8–25 (Deed of Trust).

[56] *Id.*

[57] The Defendants do not argue that the Kellys have failed to plead damages.

[58] Dkt. 4 at 5.

not supply any authority for this proposition. Furthermore, Alaska case law suggests that notice obligations contained in deeds of trust are still enforceable even if the borrower is in default. For instance, in *Farmer v. Alaska*, the Supreme Court of Alaska noted that, although Alaska law did not require a lender to renotify a borrower of the time and place for a rescheduled foreclosure sale, the borrower "could have contracted for more notice."[59] Additionally, other courts have astutely noted that it would be "absurd" to allow lenders to ignore post-default provisions of mortgage contracts where "the contract specifically contemplates the Plaintiff falling into arrears by imposing obligations on the Defendant to do certain things in the event of arrearage prior to commencing foreclosure."[60] Therefore, the Court finds that even though the Kellys fell into arrears, loanDepot was still required to fulfill its obligations relating to foreclosure procedures under the DOT.

The Defendants also argue the Kellys have failed to plead the second element of a breach of contract claim: that loanDepot breached the contract.[61] To allege the "breach" element of their claim, the Kellys assert that the DOT "mandated Loan Depot [sic] to provide a notice before accelerating [the] loan."[62] This assertion relies on the interpretation of the terms of the DOT. Therefore, for the purpose of the Motion, the Court is not required to take them as factually true.[63]

---

[59] *Farmer v. Alaska USA Title Agency, Inc.*, 336 P.3d 160, 163 (Alaska 2014). *See also Ostrow v. Higgins*, 722 P.2d 936, 942 (Alaska 1986) (Noting parties to a deed of trust "can by private agreement require additional notice").

[60] *Sinclair v. Donovan*, No. 1:11-CV-00010, 2011 WL 5326093, at *7 (S.D. Ohio Nov. 4, 2011) (quoting *Kersey v. PHH Mortg. Corp.*, 682 F. Supp. 2d 588, 597 (E.D. Va. 2010), *vacated on other grounds*, No. 3:09CV726, 2010 WL 3222262 (E.D. Va. Aug. 13, 2010)).

[61] *Id.* at 9–10.

[62] Dkt. 1-1 at 32.

[63] *See, e.g.*, *Daniels–Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir.2010).

Instead, the Court looks to the DOT itself to determine whether the Kellys' claims for breach align with the DOT's provisions.[64] This is appropriate under Federal Rule of Evidence 201, which allows the Court to take judicial notice of certain items without converting a motion to dismiss into one for summary judgment.[65] Courts may take judicial notice of facts "not subject to reasonable dispute" because they are either: "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."[66] Courts may disregard allegations in a complaint that are contradicted by matters properly subject to judicial notice.[67] Here, the DOT at issue is publicly recorded with the State of Alaska.[68] Therefore, the Court takes judicial notice of the DOT and its terms.

Under the "NON-UNIFORM COVENANTS" contained in the DOT, Section 22 provides, in relevant part:

> 22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this

---

[64] The Defendants have filed a copy of the DOT. Dkt. 8-10. Also, the Kellys have filed a copy of the DOT with their Response. Dkt 16-1.

[65] *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir.1994).

[66] Fed. R. Evid. 201. *See also Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) *overruled on other grounds by* 307 F.3d 1119, 1125–26 (9th Cir. 2002) (noting that the court may take judicial notice of undisputed "matters of public record").

[67] *Daniels–Hall*, 629 F.3d 992, 998 (9th Cir.2010). *See In re Stac Elcs. Sec. Litig.*, 89 F.3d 1399, 1405 n. 4 (9th Cir.1996) (noting that complete copies of documents whose contents are alleged in the complaint may be considered in connection with a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)); *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir.1994) *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1127 (9th Cir.2002) (holding that "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss").

[68] Document Identification Number: 2013-057078-0, Recording District: 301-Anchorage.

> Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property.[69]

Section 22 requires loanDepot give the Kellys notice of acceleration and a chance to cure defects prior to accelerating the loan.[70] This notice is distinct from the later-mentioned Notice of Default that Clear Recon, as trustee, must issue after the power of sale is invoked.[71] Therefore, the Kellys have effectively pleaded that loanDepot had a contractual duty to give them notice before accelerating their loan.

The Kellys also claim loanDepot "did not provide plaintiffs notice that it was accelerating their loan, but did so anyways."[72] Defendants characterize this as a "bald conclusory pleading" and argue that "Plaintiffs make no effort to plead *any* facts whatsoever to support their allegation that an acceleration notice was not provided."[73] Defendants' characterization is incorrect. The Kellys have pleaded that under the DOT's terms that loanDepot had a duty to provide notice of acceleration, and that loanDepot failed to provide such notice.[74] It would be untenable to require the Kellys to articulate all the ways that they did not receive notice. The Kellys' pleadings are wholly sufficient to put loanDepot on notice of the factual assertions underlying the claim by

---

[69] Dkt. 8-10 at 19.

[70] *Id.*

[71] *Id.*

[72] Dkt. 1-1 at 32.

[73] Dkt. 4 at 9 (emphasis in original).

[74] Dkt. 1-1 at 32.

asserting that notice was not given. Therefore, the Kellys have stated a claim for breach of contract as to notice of acceleration.

Accordingly, Defendant's Motion to Dismiss is **DENIED** as to Count II of the Amended Complaint.

> B. *Whether the Kellys Have Adequately Pleaded Their Second Breach of Contract Claim—Failure to Give Notice of Rescheduled Sale*

The Court next considers the Kellys' breach of contract claim alleging that the Defendants were contractually required to provide the Kellys with notice of the time and the place of the rescheduled sale and failed to do so.[75] As above, to make out a contract claim, the Kellys must allege (1) there was a contract between the parties, (2) the defendant breached the contract, and (3) the plaintiff suffered damages.[76] Again, the Kellys have sufficiently pleaded the existence of a contract—the DOT—and that they suffered damages due to the wrongful sale of their home.

The Kellys allege that the DOT "mandated Loan Depot [sic] and Clear Recon to provide notice of the time and place of the foreclosure sale."[77] The Defendants argue that, despite the Kellys' assertions, the DOT does not obligate loanDepot or Clear Recon to give the Kellys additional specific notice of the postponed sale.[78] Section 22 of the DOT provides:

> If the power of sale is invoked, Trustee shall execute a written notice of the occurrence of an event of default and of the election to cause the Property to be sold and shall record such notice in each Recording District in which any part of the Property is located. Lender or Trustee shall mail copies of the notice to the persons and in the manner prescribed by Applicable Law. Trustee shall give public notice of sale to the persons and in the manner prescribed by Applicable Law. After the time required by Applicable Law, Trustee, without demand on Borrower, shall sell

---

[75] *Id.* at 33.

[76] *Great W. Sav. Bank*, 778 P.2d at 577.

[77] Dkt. 1-1 at 33.

[78] Dkt. 4 at 6–8.

> the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Trustee determines. Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of the previously scheduled sale.[79]

The DOT defines "Applicable Law" as "all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions."[80] Thus, the DOT incorporates requirements to trustee foreclosure sales as they exist under Alaska state law.

Alaska Statute §34.20.070(c) provides "[w]ithin 10 days after recording a notice of default [which includes the date, time, and place of the sale], the trustee shall mail a copy of the notice by certified mail to . . . any other person actually in physical possession of the property." If the sale is postponed, AS § 34.20.080(e) requires that the trustee "publicly announce the postponement to the stated date and hour at the time and place originally fixed for the sale." If the postponement is for more than 12 months, the trustee must issue a new public notice of the sale.[81]

Here, the Kellys do not allege that Clear Recon failed to notify them of the original sale which was to take place on November 28, 2018.[82] Rather, the Kellys claim that, after that sale was postponed, they were not notified of the date, time, or place of the rescheduled sale.[83] However, no terms on the face of the DOT or under Alaska law appear to impose a duty on Clear Recon or

---

[79] Dkt. 8-10 at 19.

[80] *Id.* at 9.

[81] AS § 34.20.080(e).

[82] Dkt. 1-1 at 30.

[83] *Id.*

13

loanDepot to specifically renotify the Kellys if the sale is postponed.[84] The DOT and Alaska law only require that the trustee announce the new time and date for the sale at the time and place originally fixed for the sale by public notice.[85] In fact, the Kellys concede that AS § 34.20.080(e) did not require additional notice to be given in this case.[86] The Kellys have not pleaded that the DOT afforded them a right to be specifically notified of the January 30, 2019, sale, nor have they specifically alleged that Clear Recon did not publicly announce the January 30, 2019, sale at the November 28, 2018, sale. Therefore, the Kellys have failed to allege that loanDepot or Clear Recon breached the DOT and, thus, have failed to state a claim.

Accordingly, the Defendant's Motion to Dismiss is **GRANTED** as to Count III. However, the Court will allow the Kellys leave to amend to cure defects related to this claim.[87]

C. *Whether the Kellys Have Adequately Pleaded Their RESPA Claim*

Count IV of the Amended Complaint alleges that loanDepot failed to respond to the Kellys' requests for information in violation of 12 C.F.R. § 1024.36.[88] RESPA requires the servicer of a federally-related mortgage loan to provide a timely written response to inquiries from borrowers

---

[84] In their Response, the Kellys maintain that the DOT requires that they be renotified of a postponed sale. Dkt. 16 at 12–13. However, the Kellys do not identify, and the Court does not find, specific language which would give rise to such an obligation.

[85] Dkt. 8-10 at 19; AS § 34.20.080(e).

[86] Dkt. 16 at 7.

[87] Dismissal without leave to amend is appropriate only when the court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (holding that dismissal with leave to amend should be granted even if no request to amend was made). Rule 15(a)(2) of the Federal Rules of Civil Procedure states that leave to amend should be freely given "when justice so requires." This policy is applied with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

[88] Dkt. 1-1 at 33–35.

14

regarding the servicing of their loans.[89] Title 12 C.F.R. § 1024.36(a) states that a loan servicer must comply with the regulatory requirements under RESPA for any request for information that (1) is written, (2) includes the name of the borrower, (3) includes "information that enables the servicer to identify the borrower's mortgage loan account," and (4) "states the information the borrower is requesting with respect to the borrower's mortgage loan."

Within five days of receiving a compliant request, the servicer must provide the borrower a written acknowledgment of the information request.[90] Within 30 days of the request, the servicer must also provide the borrower with the requested information or notification that the servicer has determined the information is not available.[91] If the servicer fails to respond to a proper request, RESPA entitles the borrower to recover actual damages and, if there is a "pattern or practice of noncompliance," statutory damages of up to $2,000.[92]

In order to survive a motion to dismiss, a plaintiff must sufficiently allege: (1) defendant is a loan servicer bound by RESPA; (2) defendant received a compliant request under 12 U.S.C. 2605(e) from plaintiff; (3) defendant failed to respond adequately; and (4) "plaintiffs must also allege actual, cognizable damages resulting from the Defendants' failure to respond."[93] A plaintiff must provide sufficient information about the nature of their request for information as to put the

---

[89] 12 U.S.C. § 2605(e)(1)(A), (e)(2).

[90] *Id.* at § 2605(e)(1)(A).

[91] *Id.* at § 2605(e)(2).

[92] *Id.* at § 2605(f).

[93] *See* 12 U.S.C. § 2605(e); *Eddy v. Fed. Home Loan Mortg. Corp. (As Tr. for Freddie Mac MultiClass Certificates Series 3450*, No. 218-cv-2267-KJM-EFB PS, 2019 WL 4298043, at *5 (E.D. Cal. Sept. 11, 2019); *Walker v. Branch Banking & Tr. Co.*, 237 F. Supp. 3d 1326, 1331 (S.D. Fla. 2017).

defendant on notice.[94] For example, where a plaintiff fails to attach letters to the servicer or otherwise describe their contents, dismissal is proper.[95]

Here, the Kellys have sufficiently pleaded that loanDepot was their loan servicer bound by RESPA.[96] However, the Defendants argue that the Kellys have failed to sufficiently allege that a request for information was sent.[97] Further, the Defendants argue that the Kellys do not plead that they are entitled to damages under RESPA.[98]

The Kellys allege that they, "through their agent, sent Loan Depot a request for information" and that loanDepot received the request on March 19, 2019.[99] However, the Kellys have not attached a copy of their request for information to their Amended Complaint, they have not provided the date on which the request was sent, and they have not otherwise described the contents of the request to allege that it complied with RESPA. Thus, the Kellys' Amended Complaint does not properly put the Defendants on notice of a RESPA violation.

Additionally, the Kellys have not adequately pleaded damages. The Kellys recite that "Loan Depot's [sic] failure to respond to requests for information is furthermore part of a pattern and practices of behavior that entail a conscious disregard for the rights for the Kellys" and that

---

[94] *Evans v. Nationstar Mortg., LLC*, No. 215-cv-1213-JAM-GGH PS, 2015 WL 6756255, at *8 (E.D. Cal. Nov. 5, 2015)

[95] *Id.* (holding where "plaintiff has failed to attach any of the letters . . . [and] plaintiff's description of the letters fails to state whether they included plaintiff's name, information from which [defendant] could identify plaintiff's mortgage loan account, and what information plaintiff was requesting in regard to the loan" the defendant was not put on notice of the claim).

[96] Dkt. 1-1 at 29–31.

[97] Dkt. 4 at 13–14.

[98] *Id.* at 10–13.

[99] Dkt. 1-1 at 34.

loanDepot is liable for actual damages, statutory damages, and costs.[100] However, the Kellys allege that loanDepot received their request for information after the foreclosure sale occurred.[101] The request would not have stopped a foreclosure sale that had already taken place. Therefore, they do not allege a basis for actual damages.[102] Additionally, RESPA only permits statutory damages where a servicer has a pattern and practice of being in noncompliance with § 2605 of RESPA.[103] Here, the Kellys have only alleged a single instance of noncompliance with RESPA.[104] Therefore, they have failed to allege a pattern or practice which would entitle them to statutory damages.

Because the Kellys have failed to adequately allege that loanDepot received a request for information which complied with RESPA and have also failed to plead a basis for actual or statutory damages, they have failed to state a claim under RESPA.

Accordingly, loanDepot and Fannie Mae's Motion to Dismiss is **GRANTED** as to Count IV of the Amended Complaint. However, the Court will allow the Kellys leave to amend to cure the defects related to this claim.[105]

---

[100] *Id.* at 35.

[101] *Id.* at 31 (stating that the request was received on March 19, 2019).

[102] The Kellys cite *Watson v. Bank of Am., N.A.*, No. 16CV513-GPC(MDD), 2016 WL 3552061, (S.D. Cal. June 30, 2016), for the proposition that "Courts have "liberally interpreted the requirement to plead actual damages." Dkt. 16 at 9. However, in *Watson*, the plaintiffs alleged the RESPA violation caused them to expend time and money to correct errors "including costs of copying documents, postage fees, loss of work fees, traveling expenses to and from the attorney's office, interest and penalties on the loan, emotional and psychological trauma." *Watson*, 2016 WL 3552061 at *13. In this case, the Kellys have done nothing more than allege that loanDepot is liable for actual damages. Dkt. 8-11 at 43. Unlike *Watson* or cases cited therein, the Kellys do not allege any particular pecuniary injury.

[103] 12 U.S.C. § 2605(f).

[104] Dkt. 1-1 at 31.

[105] *Supra* note 87.

### D. Whether the Kellys Have Adequately Pleaded Their Quiet Title Claim

The Kellys allege in Count I of their Amended Complaint that they are in possession of the property and have equitable title to it.[106] Furthermore, they argue that Fannie Mae's claim to the property is illegitimate based on the circumstances described in the Amended Complaint.[107] Therefore, the Kellys request that the Court quiet title in their favor.[108] The Defendants argue that the Kellys claim must fail because they do not have a superior title to the property.[109]

To state a claim for quiet title under Alaska law, a plaintiff must allege that they have "a substantial interest in the property and that [their] title is better than that of the defendants."[110] In Alaska, borrowers retain title to their property if a foreclosure sale was void.[111] "Only substantial defects such as the lack of a substantive basis to foreclose in the first place will make a sale void."[112] However, "[w]here a defect in a foreclosure sale makes it merely voidable . . . sale to a [bona fide purchaser] cuts off the trustor's ability to set aside the sale."[113] A defect is "substantial" when goes to the trustee's right to proceed with the foreclosure rather than to "the mechanics of exercising the power."[114]

---

[106] Dkt. 1-1 at 32.

[107] *Id.*

[108] *Id.*

[109] Dkt. 4 at 14–15.

[110] *Shilts v. Young*, 643 P.2d 686, 689 (Alaska 1981) (citing *Rohner v. Neville*, 365 P.2d 614, 618 (Alaska 1961)).

[111] *Rosenberg v. Smidt*, 727 P.2d 778, 783–84 (Alaska 1986).

[112] *Id.*

[113] *Id.* at 784.

[114] *Id.*

Here, the Kellys claim that, under the DOT, prior to accelerating the loan or invoking the power of sale, loanDepot was obligated to give the Kellys notice.[115] Further, they allege that loanDepot failed to provide them with such notice.[116] Because the Kellys allege that a notice of acceleration following a default is a condition precedent to foreclosure, Clear Recon, as trustee, did not have a right to sell the property since proper notice had not been given.[117] Therefore, the defect alleged by the Kellys would be a "substantial defect" and may render the sale of their property void. In such case, their original title to the property would be retained and sufficient to support a quiet title action. Therefore, given the allegations contained in Count II of the Amended Complaint the Kellys have stated a claim for quiet title.

Accordingly, loanDepot and Fannie Mae's Motion to Dismiss is **DENIED** as to Count II of the Amended Complaint.

## V. CONCLUSION

Having carefully reviewed the allegations in the Amended Complaint, the Court finds that the Kellys have adequately pleaded their claims for quiet title and breach of contract as to failure to provide notice of acceleration—Count I and Count II of the Amended Complaint respectively. Therefore, the Court **DENIES** the Defendants' Motion to Dismiss as to these claims. However, the Kellys have failed to state a claim for breach of contract as to providing notice of the rescheduled sale and for violations of RESPA—Count III and Count IV of the Amended Complaint respectively. Therefore, the Court **GRANTS** the Defendants' Motion as to these claims and gives the Kellys leave to file a Second Amended Complaint within fourteen (14) days of this

---

[115] Dkt. 1-1 at 32.

[116] *Id.*

[117] *Id.*

19

Order. Thus, Defendants' motion to dismiss for failure to state a claim at docket 4 is **GRANTED IN PART WITHOUT PREJUDICE** and **DENIED IN PART**.

IT IS SO ORDERED.

Dated at Anchorage, Alaska, this 14th day of November, 2018.

/s/ *Timothy M. Burgess*
TIMOTHY M. BURGESS
UNITED STATES DISTRICT JUDGE